UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT OSTRANDER,

                                        Plaintiff,

                    -vs-                                                07-CV-86-JTC

UNIFUND CORPORATION
(a/k/a Unifund and Unifund CCR Partners), and
SHARINN AND LIPSHIE
(a/k/a SL Financial Services, Inc. and
Sharinn & Lipshie, P.C.),

                                        Defendants.

_____

         In this action, plaintiff Robert Ostrander (proceeding *pro se*) seeks money damages

against defendants Unifund Corporation and Sharinn & Lipshie, P.C. for alleged violations

of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*.  Pending for decision are

(1) plaintiff's motion to strike Unifund's amended answer, (2) Unifund's motion to dismiss

the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief can be granted, and (3) Sharinn & Lipshie's motion to dismiss or for summary

judgment pursuant to Fed. R. Civ. P. 56.  For the reasons that follow, defendants' motions

are granted, and the case is dismissed.


                                        **BACKGROUND**

         Plaintiff filed this action on February 15, 2007, claiming that Unifund (a buyer and

seller of consumer debt) and Sharinn & Lipshie (a collection law firm) improperly accessed

his credit report on several occasions, resulting in numerous violations of the FCRA (*see*

*generally* Item 1).  Plaintiff also claims that Unifund failed to provide accurate information to consumer reporting agencies, resulting in additional FCRA violations (*id.*).

More specifically (or as nearly as can be deciphered from the *pro se* complaint), plaintiff alleges that both Unifund and Sharinn & Lipshie "knowingly and willfully used deception and false pretenses" to obtain plaintiff's credit report, in violation of FCRA § 1681q (Item 1, pp. 4, 9), and did so without a permissible purpose, in violation of FCRA § 1681b (*id.* at pp. 4, 10-11).  Plaintiff also alleges that Unifund continued to furnish information to credit reporting agencies about a purported credit card debt owed by plaintiff without providing notice that the debt was disputed, resulting in violations of FCRA § 1681s-2(a)(3) (*id.* at p. 6).

On March 19, 2007, an answer was filed on behalf of both defendants by Brian F. Hogencamp, Esq., an attorney associated with the law firm of defendant Sharinn & Lipshie (Item 5).  Unifund subsequently obtained new counsel, and filed an amended answer asserting affirmative defenses, set-offs based on a delinquent credit card account with Providian which was assigned to Unifund (which formed the basis for a previous state court collection action against plaintiff), and a counterclaim for an award of attorney's fees pursuant to 15 U.S.C. § 1681n(c) (Item 20).  Plaintiff then moved to strike Unifund's amended answer, asserting that it contains "irrelevant and scandalous material," and that the affirmative defenses are not properly pleaded (Item 21, p. 1).

Unifund has now moved to dismiss the complaint for failure to state a claim upon which relief can be granted (Item 28).  Unifund contends that plaintiff has failed to plead or show that Unifund had no permissible purpose for accessing plaintiff's credit report, as required for a violation of FCRA § 1681b, and that plaintiff lacks standing to pursue claims

under FCRA § 1681s-2 (*see* Items 28, 45).  Sharinn & Lipshie has also moved to dismiss or for summary judgment on the ground that plaintiff cannot show impermissible purpose under FCRA § 1681b  (*see* Item 34).

Each of these contentions is discussed in turn below.

## DISCUSSION

### I.     Unifund's Motion to Dismiss

Unifund moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive Unifund's motion, plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, ___,127 S.Ct. 1955, 1974 (2007) (rejecting longstanding precedent of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a Rule 12(b)(6) motion must be denied unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

In assessing the legal sufficiency of plaintiff's claims, the court may consider the facts alleged in the complaint, as well as any document attached to it as an exhibit or incorporated in it by reference, *see Goldman v. Belden*, 754 F.2d 1059, 1065-66 (2d Cir.1985), "documents that the plaintiff[ ] either possessed or knew about and upon which [he] relied in bringing the suit[,]" *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (quoting *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)), and matters subject to judicial notice. *See Prentice v. Apfel*, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998).  While the court must accept as true all of the well-pleaded facts set forth in the complaint, conclusory allegations

that merely state the general legal conclusions necessary to prevail on the merits but are unsupported by any factual averments will not be accepted as true.  *South Point, Inc. v. Krawczyk*, 2008 WL 434590, at *2 (W.D.N.Y. February 14, 2008); *New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions*, 235 F. Supp. 2d 123, 126 (N.D.N.Y. 2002).

The court now turns to an assessment of the legal sufficiency of plaintiff's FCRA claims.

### A.   FCRA

The FCRA is a federal consumer protection statute enacted by Congress "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]"  15 U.S.C. 1681(b); *see Fashakin v. Nextel Communications*, 2006 WL 1875341, at *4 (E.D.N.Y. July 5, 2006). To accomplish these goals, the FCRA puts certain restrictions on the ability of consumer reporting agencies and creditors to obtain a consumer's credit report.  *See* 15 U.S.C. § 1681b(a); *see also Schwartz v. Washington Mut., Inc.*, 487 F. Supp. 2d 236, 239 (E.D.N.Y. 2007).

### 1.   FCRA § 1681b

Plaintiff seeks relief under FCRA § 1681b, which sets forth an exclusive list of "permissible purposes" for which a consumer credit report may be obtained.  The relevant portion of § 1681b states that a consumer reporting agency may furnish a consumer report to "a person which it has reason to believe . . . intends to use the information in connection

with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer[.]" 15 U.S.C. § 1681b(a)(3)(A).

To prove a violation of section 1681b, a plaintiff must show that credit information was obtained for an impermissible purpose. Conversely, a showing of a permissible purpose is a complete defense. *See Stonehart v. Rosenthal*, 2001 WL 910771, at *3 (S.D.N.Y. August 13, 2001); *Advanced Conservation Sys. Inc. v. Long Island Lighting Co.*, 934 F. Supp. 53, 54 (E.D.N.Y. 1996).

Plaintiff cannot make the required showing here. It is beyond dispute that, at the time Unifund accessed plaintiff's credit report, plaintiff was delinquent on his Providian credit card account. It is also undisputed that, as the assignee of that account, Unifund was entitled under the FCRA to obtain plaintiff's credit report from consumer reporting agencies for the permissible purpose of review or collection of the assigned debt. Accordingly, plaintiff cannot "nudge[ his] claim[ ] across the line from conceivable to plausible," *Twombly*, 550 U.S. at ___, 127 S.Ct. at 1974, and his FCRA § 1681b claim must be dismissed.

### 2. FCRA § 1681s-2

Plaintiff also seeks relief under FCRA § 1681s-2(a), which prohibits furnishers of information to consumer reporting agencies from reporting information if the furnisher has actual knowledge (or consciously avoids knowing) that the information is inaccurate. However, "t[h]ere is no private right of action under section 1681s-2(a)." *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 44 (E.D.N.Y. 2005); *see also Prakash v.*

*Homecomings Financial*, 2006 WL 2570900, at \*2 (E.D.N.Y. September 5, 2006) (plaintiff lacks standing to pursue claims under FCRA § 1681s-2(a) because the plain, unambiguous language of the statute limits enforcement of this subsection to government agencies and officials).

FCRA § 1681s-2(b)(1)[1] does allow for a private right of action against a furnisher of allegedly false information under limited circumstances, *i.e.*, where the plaintiff can demonstrate that the furnisher received notice from a consumer reporting agency of the dispute. *See Prakash*, 2006 WL 2570900, at \*2. However, as explained in the *Prakash* opinion, the plain language of the statute requires that the furnisher must have received notice of the dispute from the consumer reporting agency to trigger its duties under § 1681s-2(b). *Id.*, 2006 WL 2570900, at \*3 (citing cases). Therefore, to succeed on his §

---

[1]FCRA § 1681s-2(b)(1) provides:

After receiving notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
    (A) conduct an investigation with respect to the disputed information;
    (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
    (C) report the results of the investigation to the consumer reporting agency;
    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
        (i) modify that item of information;
        (ii) delete that item of information; or
        (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). Section 1681i(a)(2) requires a consumer reporting agency who receives notice of a dispute from any consumer or reseller to provide notification to the provider of the information in dispute within five business days from the date the consumer reporting agency received notice. *See* 15 U.S.C. § 1681i(a)(2)(A).

1681s-2 claim against Unifund, plaintiff would have to plead and prove that Unifund received notice of the disputed information from a consumer reporting agency, as opposed to notice from the plaintiff alone.  *See Fashakin*, 2006 WL 1875341, at *5  ("It is upon receipt of notice from a consumer reporting agency that a furnisher of information must conduct an investigation of the disputed information."); *Kane v. Guar. Residential Lending, Inc.*, 2005 WL 1153623, at *4 (E.D.N.Y. May 9, 2005) ("[U]nless and until a furnisher of information receives notice from a credit reporting agency, no private right of action exists under section 1681s-2(b)."); *Roybal v. Equifax, Transunion, Experian Rickenbacker, Medamerica, City Towing Body Shop, Inc.*, 405 F. Supp. 2d 1177, 1179-80 (D.Cal. 2005) ("private right of action against a furnisher of credit exists only if the disputatious consumer notifies the CRAs in the first instance").

Based upon its review of the pleadings in this case, the court finds that plaintiff has failed to allege facts to state a plausible claim for relief under FCRA § 1681s-2(b), and that any attempt to do so would be futile.  Accordingly, the complaint against Unifund must be dismissed in its entirety.

## II.      Sharinn & Lipshie's Motion to Dismiss

Plaintiff has also brought a FCRA § 1681b claim against Sharinn & Lipshie, the law firm  engaged by Unifund to collect on the deficient Providian account (*see* Item35).  Like Unifund, Sharinn & Lipshie moves to dismiss this claim on the ground that plaintiff cannot show an impermissible purpose for accessing plaintiff's credit report.

As it did with respect to Unifund, the court finds that plaintiff cannot make the showing required to obtain relief under FCRA § 1681b against Sharinn & Lipshie.  It is

beyond dispute that Sharinn & Lipshie accessed plaintiff's credit report in connection with its collection activities on behalf of Unifund, the assignee of the delinquent Providian account.  Accordingly, plaintiff cannot state a plausible claim for relief against Sharinn & Lipshie, and his FCRA § 1681b claim must be dismissed.

**III.    Plaintiff's Motion to Strike Unifund's Amended Answer**

As the above discussion amply demonstrates, Unifund has asserted viable defenses to the FCRA claims brought against it.  Accordingly, plaintiff's motion to strike the amended answer is denied.


## CONCLUSION

Based on the foregoing, plaintiff's motion to strike (Item 21) is denied.  Defendants' motions to dismiss (Items 28 and 33) are granted for failure to state a claim upon which relief can be granted, and the action (including defendant Unifund's counterclaim) is dismissed in its entirety, with prejudice, and each party shall bear its own costs.

The Clerk of the Court is directed to enter judgment in favor of defendants Unifund and Sharinn & Lipshie.

So ordered.

\s \ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:    March 28, 2008
p:\pending\2007\07-86.mar21.08

-8-